David J. Beauvais (CA Bar # 84275)
LAW OFFICE OF DAVID J. BEAUVAIS
1904 Franklin Street, Suite 800
Oakland, California 94612
Telephone: (510) 832-3605
Facsimile: (510) 832-3610

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN LANEY, an individual and in his capacity as Guardian ad Litem for the minors MALACHAI LANEY and LIAM LANEY; HEATHER IODACI, an individual and in her capacity as Guardian ad Litem for the minor, CONNOR IODACI-LANEY, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SACRAMENTO DEPT. OF HEALTH AND HUMAN SERVICES; DEANNA JOHNSON, individually and in her official capacity as social worker for the COUNTY OF SACRAMENTO DEPT. OF HEALTH AND HUMAN SERVICES, CITY OF RANCHO CORDOVA; MATTHEW CURTIS, individually and in is official capacity as police officer for the CITY OF RANCHO CORDOVA; ROBERT RENELLI, individually and in his official capacity as police officer for the CITY OF RANCHO CORDOVA; DOES 1-20, <br><br> Defendants. | No. <br><br> **COMPLAINT FOR DAMAGES** <br><br> Violation of Civil Rights <br> Title 42, U.S. Code Section 1983 <br><br> Jury Trial Demanded |

Plaintiffs allege:

**JURISDICTION AND VENUE**

1. This court has jurisdiction over the subject matter of this action pursuant

COMPLAINT FOR DAMAGES

1

to Title 28, United States Code Sections 1331, 1332 and 1343.

2. The conduct upon which this suit is based occurred in this judicial district.

3. Plaintiffs are informed and believe and on that basis alleges that each of the named defendants resides in this judicial district.

**PARTIES**

4. Plaintiff SEAN LANEY is the parent and legal custodian of the minor plaintiffs, MALACHAI LANEY, LIAM LANEY and CONNOR IADACI-LANEY..

5. Plaintiff HEATHER IODACI is the parent and legal custodian of the minor plaintiff CONNOR IODACI-LANEY.

6. An application for appointment of guardians ad litem for the children is pending.

7. Defendant COUNTY OF SACRAMENTO HEALTH AND HUMAN SERVICES is a local public entity situated in the State of California and organized under the laws of the State of California.

8. Defendant DEANNA JOHNSON is, and was at all times mentioned herein, a social worker and in doing the things hereinafter alleged, acted under color of state law as an agent of the COUNTY OF SACRAMENTO HEALTH AND HUMAN SERVICES and with its full consent and approval.

9. Defendant CITY OF RANCHO CORDOVA is a local public entity situated in the State of California and organized under the laws of the State of California.

10. Defendants MATTHEW CURTIS and ROBERT RENELLI are, and were at all times mentioned herein, police officers and in doing the things hereinafter alleged, acted under color of state law as agents of the CITY OF RANCHO CORDOVA and with its full consent and approval.

11. Plaintiffs do not know the true names and capacities of the defendants sued herein as DOES 1 through 20. Plaintiffs are informed and believe and on that basis allege that said DOES are each responsible in some manner for the injuries plaintiffs sustained herein and that each of the defendants is the agent, servant, or employee of the others in doing the acts complained of

COMPLAINT FOR DAMAGES

2

herein and acted within the scope of that agency or employment. Plaintiffs will amend their complaint to allege the identities of the DOES when ascertained.

12. In doing the things herein alleged, the defendants, and each of them, acted as the agent, servant, employee and in concert with each of the remaining defendants.

## STATEMENT OF FACTS

13. On June 5, 2007, defendant Deanna Johnson came to plaintiffs' home and without the consent or knowledge of the adult plaintiffs began interviewing the children in the yard. During the interview, Malachai Laney gave Johnson his father's telephone number. Johnson continued to interview Malachai without calling his father. Liam went inside the residence to tell Heather Iodaci that a strange lady was asking questions. Heather Iodaci told the children to come inside and then told Johnson that she needed Sean Laney's permission to interview the children. Heather Iodaci also informed Johnson that she needed a warrant to enter the home. Johnson said that she would return with the police. Iodaci informed Sean Laney of the incident.

14. On June 25, 2007, Deanna Johnson returned to the residence with police officer Matthew Curtis. At that time, the entire family was at home.

15. Curtis demanded entry into the residence to do a welfare check. Sean Laney asked to see a warrant and Curtis replied that he did not need one. Following a constitutional law debate between Curtis and Sean Laney, Curtis threatened to arrest Sean Laney if he did not allow Curtis and Johnson to enter. Fearing arrest, Sean Laney acceded to Curtis's unlawful demand. A short time later, Sergeant Robert Renelli arrived and entered without plaintiffs' permission. Curtis informed Renelli that the family was not cooperative and that "they seem to think we don't have a right to be here without a warrant." Renelli responded, "well, they're wrong." Curtis looks inside the refrigerator and the freezer. Deanna Johnson asks for the name of Connor Iodaci-Laney's physician and demands proof of shot records. Johnson demanded that Heather strip Connor so that she could inspect him. Heather Iodaci refused but after further demands and seeing both officers present, she took off Connor's clothes.

16. The above-named defendants had no probable cause to believe that children were in any danger at the time of the entry and therefore acted contrary to federal constitutional standards that required a warrant.

17. The above-named defendants had ample time to obtain a warrant and failed to do so electing instead to enter the residence and strip search Connor Iodaci-Laney without a court order of any kind.

18. The entry and illegal strip search were not necessary to avert any perceived harm to the children's welfare.

**STATEMENT OF DAMAGES**

19. As a direct and proximate result of the incident alleged in this complaint, plaintiffs sustained injuries and damages including, but not limited to: pain, suffering, injuries to their bodies, as well as severe emotional distress, fear, anxiety, embarrassment and humiliation, all to their general damage in an amount according to proof.

20. As a further direct and proximate result of the incident alleged in this complaint, plaintiffs suffered loss of income, incurred attorney's fees, and other incidental expenses, all to their special damage in an amount according to proof.

21. In doing the things alleged herein, defendants Johnson, Curtis and Renelli acted willfully and maliciously and in reckless or callous disregard of the plaintiffs' rights justifying an award of punitive damages in accordance with proof.

22. Plaintiffs have been compelled to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to reasonable attorney's fees pursuant to Title 42, United States Code § 1988.

//
//
//
//

## COUNT ONE
Violation of Civil Rights
Title 42 U.S.C. Section 1983
(Defendants Johnson, Curtis and Renelli Only)

23. Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 22 of this complaint.

24. In doing the acts complained of herein, defendants Johnson, Curtis and Renelli acted under color of state law to deprive plaintiffs as alleged herein, of constitutionally protected rights including, but not limited to:

(a) the right not to be deprived of liberty without due process of law;

(b) the right to be free from unreasonable interference with parent-child relationships;

(c) the right to procedural due process;

(d) the right to be free from unreasonable searches and seizures;

(e) the right to be free from arbitrary intrusions on plaintiffs' physical and emotional well-being.

25. As a direct and proximate result of the acts complained of herein, plaintiffs have suffered general and special damages as set forth in this complaint.

**WHEREFORE**, plaintiffs pray for relief as hereinafter set forth.

## COUNT TWO
Violation of Civil Rights
Title 42, U.S.C § 1983
(County of Sacramento Only)

26. Plaintiffs reallege and incorporates herein by reference the allegations set forth in paragraphs 1 through 25 of this complaint.

27. The unlawful entry into the residence and the strip search of Connor Iodaci Laney constituted part of a pattern and practice of the County of Sacramento to violate the rights of parents and children to be free from unwarranted invasion of their home and their bodily integrity as described in paragraph 24 of this complaint.

28. The failure of the County to train Deanna Johnson in constitutional standards relevant to her employment was the proximate cause of harm to the plaintiffs.

29. As a direct and proximate result of the acts complained of herein, plaintiffs have suffered general and special damages as set forth in this complaint.

**WHEREFORE,** plaintiffs pray for relief as hereinafter set forth.

### COUNT THREE
Violation of Civil Rights
Title 42, U.S.C § 1983
(City of Rancho Corodva Only)

26. Plaintiffs reallege and incorporates herein by reference the allegations set forth in paragraphs 1 through 25 of this complaint.

27. The unlawful entry into the residence and the strip search of Connor Iodaci Laney constituted part of a pattern and practice of the City of Rancho Cordova to violate the rights of parents and children to be free from unwarranted invasion of their home and their bodily integrity as described in paragraph 24 of this complaint.

28. The failure of the County to train Matthew Curtis and Robert Renelli in constitutional standards relevant to their employment was the proximate cause of harm to the plaintiffs.

29. As a direct and proximate result of the acts complained of herein, plaintiffs have suffered general and special damages as set forth in this complaint.

**WHEREFORE,** plaintiffs pray for relief as hereinafter set forth.

### JURY TRIAL DEMAND

33. Plaintiffs demand a jury trial in this matter.

### PRAYER

**WHEREFORE**, plaintiffs pray for judgment against the defendants as follows:

1. General damages according to proof against all defendants;

2. Special damages according to proof against all defendants;

3. Punitive damages according to proof against defendants Johnson, Curtis and Renelli;

4. Attorneys' fees pursuant to statute against all defendants;

5. Costs of suit; and

COMPLAINT FOR DAMAGES

6

6. For such other and further relief as the court deems appropriate.

DATED: November 12, 2007

/s/ David J. Beauvais
DAVID J. BEAUVAIS

COMPLAINT FOR DAMAGES